594 So.2d 961 (1992)
Walter C. BYRD, Jr., et al., Plaintiffs-Appellees,
v.
INTERNATIONAL PAPER COMPANY, Defendant-Appellant.
No. 90-792.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
James F. Slaughter, Pineville, for plaintiffs-appellees.
Gold, Weems, Bruser, Sues & Rundell, Henry B. Bruser III, Alexandria, for defendant-appellant.
Before GUIDRY, FORET, and LABORDE, JJ.
LABORDE, Judge.
In this suit against International Paper Company, plaintiffs, Walter C. Byrd and Roger R. Byrd, sued for damages allegedly sustained to their property as a result of defendant's unauthorized spraying of herbicide. The defendant failed to answer plaintiffs' petition and plaintiffs were awarded a default judgment. Defendant *962 appeals the default judgment arguing there was insufficient evidence in the record to support a default judgment. We agree with defendant as to petitioner, Walter C. Byrd and further find petitioner, Roger R. Byrd, had no right of action since there is no evidence in the record that he owned the property.

FACTS
In this case, plaintiffs, Walter C. Byrd and Roger R. Byrd, sued defendant, International Paper for damages sustained when defendant allegedly sprayed herbicide on plaintiffs' property without express authority or permission. International Paper owns lands contiguous to Walter C. Byrd's land. Plaintiffs allege on May 8, 1987, while attempting to spray its own lands, International Paper applied the herbicide to plaintiffs' property killing over twenty-five trees. Specifically, defendant failed to answer plaintiffs' petition, and a preliminary default was entered on June 20, 1988. The preliminary default was confirmed on November 13, 1989. International Paper now appeals the judgment asserting ten assignments of error.

PEREMPTORY EXCEPTION OF NO RIGHT OF ACTION
On appeal, International Paper urges the trial court erred in ruling in favor of Roger R. Byrd. Specifically, defendant alleges petitioners failed to introduce any evidence as to Roger R. Byrd's ownership of or interest in the property in question and there is insufficient evidence in the record to indicate petitioner, Roger R. Byrd, has a right of action. Defendant did not file an exception of no right of action in the district court nor was such an exception filed with this court. The only time this contention has been raised is in defendant's appellate brief. However, an appellate court can raise the peremptory exception of no right of action on its own motion. La.C.C.P. art. 927. Therefore, we raise this exception and consider whether petitioner, Roger R. Byrd, has a right of action. Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La.C.C.P. art. 681. The exception of no right of action raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted. Teachers' Retirement System v. Louisiana State Employees, 456 So.2d 594 (La.1984). In this case, the record reflects Walter C. Byrd is the sole owner of the property allegedly damaged by defendant. Though petitioners argue in their brief that all references to the plaintiffs in the judgment and original petition concern only Walter C. Byrd, the language in the petition indicates both Walter C. Byrd and Roger R. Byrd asserted an action against International Paper. In reviewing the confirmation hearing transcript, we find there is insufficient evidence to support a judgment in favor of petitioner, Roger R. Byrd. Accordingly, we vacate the trial court judgment as to Roger R. Byrd.

SUFFICIENCY OF THE EVIDENCE
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702. In reviewing a default judgment, an appellate court is restricted to a determination of sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App.2d Cir.1985). In order to obtain reversal of a default judgment, appellant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Brown, supra.
As to petitioner, Walter C. Byrd, we must consider whether petitioner presented sufficient evidence at the default judgment confirmation hearing to establish a prima facie case. A review of the record indicates there was insufficient evidence presented at the confirmation hearing. Such insufficiencies include the fact that the record fails to establish the precise cause of the damage as well as the responsible party for the damage. Accordingly, we vacate the entire judgment in plaintiffs' favor and remand this case back to the trial *963 court for judgment consistent with this opinion.

DECREE
The judgment of the trial court is hereby vacated, and this case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to plaintiffs, Walter C. Byrd and Roger R. Byrd.
REVERSED AND REMANDED.