688 So.2d 42 (1997)
Sidney J. NIEMANN
v.
AMERICAN GULF SHIPPING, INC.
No. 96-CA-687.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 1997.
Writ Denied March 27, 1997.
*43 Robert L. Hackett, New Orleans, for Plaintiff/Appellant Sidney J. Niemann in pro per.
William P. Golden, Jr., Accardo, Edrington & Golden, LaPlace, for Defendant/Appellee David O. Oestreicher, II.
Before BOWES, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This matter involves a dispute between two former partners in a law firm over legal fees earned in the settlement of a law suit.
The record shows that, on May 8, 1992, Sidney J. Niemann entered into a contingency fee contract with the law firm of Oestreicher & Hackett for representation in his claim for damages for injuries sustained in a fall from a barge, while engaged in duties within the course and scope of his employment with defendant, American Gulf Shipping, Inc. In accordance with that contract, Robert L. Hackett, a partner in the firm, filed a petition for damages. Shortly afterward, Hackett terminated his professional relationship with Oestreicher and began a new one with a third attorney, Stephen L. Dunne. The three attorneys entered into an agreement dated November 15, 1993 which dissolved Oestreicher & Hackett and stipulated that the new partnership formed by Hackett and Dunne would assume responsibility for Oestreicher's pending cases. The agreement also provided for a division of legal fees earned in those cases. The transfer of cases and division of fees did not go smoothly, and in June of 1994 Oestreicher filed a breach of agreement suit against Hackett in Civil District Court in Orleans Parish.[1] On December 21, 1994, Niemann signed a second contingency fee contract with Hackett personally.
Oestreicher filed interventions on behalf of himself and the firm of Oestreicher & Hackett in several pending actions brought by the firm, including the one at issue in this appeal. In the original and supplemental petitions for intervention, Oestreicher names Hackett and the parties in the principal action as defendants, and makes claims on the contingency fee contract with Oestreicher & Hackett for attorney fees and costs paid in the course of the litigation.
Hackett filed exceptions of no right/no cause of action and lis pendens to the intervention petitions. The exceptions were considered at a hearing on September, 25, 1995 and denied by the court on that date. Hackett filed a timely answer, and the intervention matter was joined.
The parties in the main demand reached a settlement agreement awarding the plaintiff $197,500.00, which was read into the record on January 24, 1996. Subsequently, the intervention was tried on the merits. A judgment was rendered by the trial court acknowledging *44 the settlement and stating that the parties to the intervention proposed a distribution of $79,000.00 in earned legal fees in accordance with the contingency fee contract between Niemann and the firm of Oestreicher and Hackett.
The court awarded 25% of the fee or $19,750.00 to Oestreicher, as his half of the legal fee earned by the firm of Oestreicher & Hackett. The remaining 75% of the attorney fees were awarded to Hackett. The funds were deposited into the registry of the court. It is from that judgment that Hackett appeals. Hackett does not take issue with the substance of the judgment, but rather with the right of Oestreicher to intervene.
In brief to this court, Hackett assigns three errors for our review:
1. The court erred as a matter of law in finding a right of action and a cause of action for the appellee to intervene.
2. The court erred in finding the November 15, 1993 partnership separation agreement a valid contract on which the intervenor based his right to intervene.
3. The court erred as a matter of law in failing to maintain the exception of lis pendens filed by Mr. Hackett.

RIGHT OF INTERVENTION
Hackett's first two assignments of error relate to the exception of no right of action in that they question the propriety of the trial court's decision to allow Oestreicher to intervene in this lawsuit. Hackett supports his no right of action exception by arguing that Oestreicher has no justiciable right related to or connected with the object of the principal suit, as required by LSA-C.C.P. art 1091.[2]
One of the other suits in which Oestreicher filed interventions to recover legal fees has come before the federal bench and is relied upon by Hackett in his argument. In Grumpy, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel, an in rem salvage action filed in Federal Court, the denial of Oestreicher's intervention was upheld on appeal.[3] The analysis used in that case began with Federal Rule of Civil Procedure 24(a)(2) which contains four requirements, all of which must be met for intervention as of right. Those requirements are:
1. The application of intervention must be timely.
2. The applicant must have an interest relating to the property or transaction which is the subject of the action.
3. The applicant must be so situated that the disposition of the action may, as a practical matter impair or impede his ability to protect that interest.
4. The applicant's interest must be inadequately [adequately] represented by the existing parties to the suit.
The Grumpy court found that Oestreicher was not entitled to an intervention as of right pursuant to the above rule; further it found that the trial court did not abuse its discretion in denying Oestreicher permissive intervention under Federal Rule of Civil Procedure 24(b).
Hackett asserts that case is controlling in the instant matter. We do not agree. The Federal Rule of Civil Procedure used as a basis for that opinion is not applicable here. This matter is controlled by LSA-C.C.P. article 1091. Further, it appears from the record that the plaintiff in Grumpy retained Hackett to serve as local counsel. There is no mention of a contingency fee contract between the plaintiff and the firm of Oestreicher & Hackett as existed in the case at bar.
The matter before this court must be analyzed using state law. "Except as otherwise *45 provided by law, an action can be brought only by a person having a real and actual interest which he asserts." LSA-C.C.P. article 681. Using that requirement as its basis, the exception of no right of action is used to question the plaintiff's interest in the subject matter of the litigation. Jefferson Oncology v. Louisiana Health Services & Indem. Co., 545 So.2d 1125, 1127 (La.App. 5 Cir.1989). The exception addresses the issue of whether the plaintiff has any interest in judicially enforcing the right asserted. Teachers' Retirement System v. Louisiana State Employees, 456 So.2d 594 (La.1984); Byrd v. International Paper Co., 594 So.2d 961 (La.App. 3 Cir.1992).
It is clear from article 1091 that the requirement for third-party intervention is two-fold. The intervenor must have a justiciable interest in, and a connexity to, the principal action. In Amoco Prod. Co. v. Columbia Gas Trans. Corp., 455 So.2d 1260 (La.App. 4 Cir. 1984), the court carefully considered the meaning of the term "justiciable interest" as it relates to article 1091. In Amoco, the court reviewed the legislative intent and jurisprudence to define the term as, "the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." Amoco Prod. Co. v. Columbia Gas Trans. Corp., supra 455 So.2d at 1264. The Amoco court further held that the right, if it exists, "must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact of the intervenor's rights." Id.
According to the testimony offered at the trial on the merits of the intervention, Mr. Neimann and Mr. Oestreicher had a mutual friend, Frank Ragusa, who referred Mr. Neimann to the law firm of Oestreicher & Hackett. Mr. Neimann met with James Usehold, an associate in the firm, and signed an employment contract. Subsequently, in December, 1994, Mr. Hackett asked him to sign a second contract of employment excluding Mr. Oestreicher and the firm of Oestreicher & Hackett. Mr. Neimann testified that he did so because he was not getting enough medical attention.
Frank Ragusa testified that Mr. Neimann asked him if he knew a good civil attorney. Mr. Ragusa referred Mr. Neimann to Mr. Oestreicher. Mr. Ragusa maintains that he set up the meeting with Mr. Oestreicher for Mr. Neimann and met Mr. Neimann at Oestreicher's office.
Additional testimony was offered by both Oestreicher and Hackett, who each gave an account of the breakup of the professional relationship which existed between them and their understanding of the agreement to dissolve it. That testimony is conflicting, reflecting the acrimony which exists between the two former partners.
Hackett asserts the trial court erred in relying on the written agreement of dissolution of the firm of Oestreicher and Hackett. His statement in support of that assignment is that the failure of Oestreicher to abide by the terms of the agreement invalidated it. Hackett cites no authority for his position and we are not persuaded by his argument.
Under the circumstances of this case we find that the intervention was properly allowed. The firm of Oestreicher & Hackett was employed by Mr. Neimann and the firm filed a petition on his behalf, advancing his interest and claim against American Gulf Shipping, Inc. The allegation that David Oestreicher's participation was minimal does not defeat the right of the firm and/or Oestreicher to legally file the petition. That argument goes to the amount of legal fees earned, an issue not before this court.
In the final assignment of error, appellant discusses the denial of his exception of lis pendens. In reviewing that issue we find Collins v. Elmwood Village Center, filed in the 24th Judicial District, Parish of Jefferson, to be of significance. In that case the plaintiff, Virginia Collins, retained the firm of Oestreicher, Whalen & Hackett[4] to represent her in the prosecution of her tort claim against defendant, Elmwood Village Center. *46 The matter was settled in October 1994. Oestreicher filed a petition of intervention, to which Hackett filed exceptions. The intervention was allowed and attorneys fees and costs were deposited into the registry of the court. The trial court withheld a decision on the intervention suit until the resolution of the law suit previously mentioned concerning the interpretation of the dissolution agreement between Oestreicher and Hackett, which was brought by Oestreicher in Orleans Parish Civil District Court. Collins sought review of that decision seeking the dismissal of the intervention or, in the alternative, a writ of mandamus ordering the trial court to render a decision on the intervention. This Court rendered a judgment on the matter affirming the decision to allow the intervention and ordering the trial court to render a decision on the merits of the intervention. In reaching that decision we stated:
......... The proceedings in New Orleans can have no affect on this decision. This suit is not subject to an exception of Lis Pendens, which would have conclusive effect, since the documents submitted with the writ application show that the parties are not the same, the transaction is not the same and the capacities of the parties are not the same. La C.C.P. art. 531.[5]
LSA-C.C.P. art. 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Clearly, dismissal of the intervention pursuant to this article would be inappropriate. The requirements of article 531 are not met. The parties are not the same, or in the same capacities. Further, a decision on one would not be conclusive of the other.
For the foregoing reasons we affirm the trial court. All costs of this appeal are cast against appellant.
AFFIRMED.
NOTES
[1] Oestreicher v. Hackett, Civil Action No. 94-9735, Civil District Court for the Parish of Orleans. Hackett filed a counter suit, Hackett v. Oestreicher, Civil Action No. 94-12790, in the same court.
[2] LSA-C.C.P. art. 1091 provides:

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
[3] Grumpy v. Unidentified Vessel, 79 F.3d 1145 (5th Cir.1996). Although the case is reported only as "Dismissed", a copy of the opinion is attached to appellant's brief in accordance with Federal Fifth Circuit Court Rules, Rule 47.5.4.
[4] The firm of Oestreicher, Whalen & Hackett predates the firm of Oestreicher & Hackett and includes David Oestreicher and Robert Hackett.
[5] Collins v. Elmwood Village Center, 95-C-270 (La.App.5 Cir. 4/28/95).