707 So.2d 458 (1998)
Susan E. ATCHLEY, Mary Lou Atchley
v.
J. Ronald ATCHLEY.
No. 97-CA-474.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
Robert T. Garrity, Jr., Richard E. Anderson, Harahan, for plaintiff-in-intervention/appellant.
John V. Baus, Jr., Jennifer C. deBlanc, Baus & Daly, L.L.P., New Orleans, for defendant-appellee.
Before GRISBAUM, WICKER and DALEY, JJ.
GRISBAUM, Judge.
This appeal relates to an exception of no right/no cause of action. We affirm.

FACTS AND PROCEDURAL HISTORY
The proceeding in which the plaintiff-in-intervention (appellant, Mary Lou Atchley) intervened is a partition suit between her brother, J. Ronald Atchley (the defendant-appellee), and his former wife, Susan Atchley. Mary Lou Atchley alleges Mr. Atchley omitted certain bonds from the succession of their father. These bonds have been designated as the separate property of the defendant-appellee by judgment of the Special Master on August 2, 1996.
On July 8, 1996, defendant-appellee filed an Exception of No Right/No Cause of Action, which the trial court granted.

LAW AND ANALYSIS
The record shows the trial court dismissed the intervention, finding that the appellant *459 had no cause of action. The Louisiana Supreme Court has distinguished the "right of action" from the "cause of action" as follows:
Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain his suit, i.e., his capacity to sue or his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto.... The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist....
Roy O. Martin Lumber Co. v. Saint Denis Securities Co., Inc., 225 La. 51, 72 So.2d 257, 258-59 (La.1954) (citations omitted). See also, Niemann v. Am. Gulf Shipping, Inc., 96-687 (La.App. 5th Cir. 1/15/97), 688 So.2d 42, writ denied, 97-0404 (La. 3/27/97), 692 So.2d 397, and Zar v. Gaudet, 94-533 (La. App. 5th Cir. 12/14/94), 648 So.2d 1012.
We find the proper procedural exception to challenge the appellant's "justiciable right" in this intervention is the Exception of No Right of Action, see Niemann, supra, at 44, because the issue is whether the appellant has an interest in the subject matter of the partition.
La.Code Civ.P. art. 1091 states that "A third person having an interest therein may intervene in a pending action ... against one or more of the parties thereto...." There is a twofold requirement for third-party intervention. The intervenor must have a justiciable interest in, and a connexity to, the principal action. Niemann, supra, at 45. "Justiciable interest" is defined as "`the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it.'" Id. (citation omitted). "[I]f it exists, [it] `must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights.'" Id. (citation omitted).
As a matter of law, it is quite clear that appellant's allegations and her cause of action are not related to or connected with the partition suit between Mr. Atchley, the appellee, and Susan Atchley. Moreover, the bonds which appellant alleges were omitted from the succession were designated as the separate property of the appellee. Thus, they are not subject to partition.
La.Civ. Code art. 2341 states that "The separate property of a spouse is his exclusively. It comprises ... property acquired by a spouse by inheritance or donation to him individually...." The bonds which appellant alleges she is entitled to are, if they exist, the separate property of the appellee, whether they were inherited by him or donated to him from his father. Therefore, they are his exclusively. Since the alleged bonds are the separate property of the appellee, the partition of the community between J. Ronald Atchley and Susan Atchley will not impact the appellant's claimed interest in the alleged bonds. Ergo, appellant's interest is not related to or connected with the partition suit, nor will the outcome of that suit have a direct impact on her rights. Appellant's claim against her brother must be pursued in a separate proceeding.
Therefore, for the reasons assigned, we affirm the trial court's judgment dated March 26, 1997. All costs of this appeal are to be assessed against the appellant.