852 So.2d 1237 (2003)
Sharon Richards SIMMONS, and Reginald Simmons, Plaintiffs-Appellees,
v.
Teona W. CHAMBLISS and Safeway Insurance Company of Louisiana, Defendants-Appellees,
Anthony J. Bruscato, Intervenor-Appellant.
No. 37,461-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 2003.
*1238 Anthony J. Bruscato, Monroe, for Appellant.
Charles Dean Jones, for Appellees Sharon Richards Simmons and Reginald Simmons.
Tracy L. Oakley, Ruston, for Appellees Teona W. Chambliss and Safeway Insurance Company of Louisiana.
Before STEWART, CARAWAY and DREW, JJ.
DREW, J.
Intervenor, Anthony J. Bruscato ("Bruscato"), appeals the trial court's judgment granting defendant-in-intervention's exceptions of no cause of action and no right of action and dismissing his claims for reimbursement of rental expenses and for attorney fees under La. R.S. 22:658. For the reasons assigned below, the judgment of the trial court is reversed in part, affirmed in part and remanded.

FACTS
Sharon Richards Simmons and Reginald Simmons filed suit on March 7, 2002, for damages allegedly suffered when Sharon's 1992 Honda Civic was struck at an intersection by a 1999 GMC Safari driven by Teona Chambliss, who allegedly failed to obey a stop sign. Named as defendants were Teona Chambliss and the Safari's insurer, Safeway Insurance Company of Louisiana ("Safeway"). In their suit the plaintiffs also made a claim for penalties and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220 as a result of Safeway's alleged arbitrary and capricious failure to timely initiate a property damage adjustment and to pay the claim. At the time of filing suit, the Simmonses were represented by Bruscato. However, shortly after the filing of their petition, the plaintiffs sought and obtained new counsel, namely Charles D. Jones.
On September 10, 2002, Bruscato filed a petition of intervention against Safeway to recover $1,406 in car rental payments he made on behalf of the plaintiffs while they were his clients. He also made a claim against Safeway for attorney fees pursuant to La. R.S. 22:658 on the basis that he had repeatedly requested reimbursement of the car rental payments from Safeway to no avail. Safeway responded by filing an answer along with exceptions of no right of action and no cause of action.
After hearing argument, the district court sustained the exceptions of no right of action and no cause of action and dismissed Bruscato's claims in intervention for rental expenses and for attorney fees under La. R.S. 22:658. The judgment further noted that the dismissal of those claims did not prejudice Bruscato's lien for attorney fees and expenses. This appeal followed.

DISCUSSION
An issue raised at oral argument is whether this is an appeal from a final judgment. La. C.C.P. art.1915 provides, in part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

*1239 (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
Bruscato has been dismissed from this action and is no longer a party thereto. Accordingly, this is a final judgment (as to him) as set forth in La. C.C.P. art. 1915(A)(1), and this appeal may proceed.
Bruscato contends that the trial court erred in granting the exceptions because an attorney's recordation of a contingency fee contract pursuant to La. R.S. 37:218 creates an enforceable right by the attorney against third parties that can be asserted through intervention.
We recognize that the exception of no cause of action is separate and distinct from the exception of no right of action, and each serves a particular purpose with different procedural rules. The function of the peremptory exception of no cause of action is to determine whether the law extends a remedy to anyone under the factual allegations of the petition. The function of the peremptory exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The no right of action exception assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885.
While the trial court did not make a distinction as to which exception it was granting, it appears clear that the parties only argued the merits of whether Bruscato has a right of action. Therefore, we consider whether Bruscato has a real and actual interest in intervention to seek relief against Safeway for payment of the car rental expenses he advanced to his former client and for the attorney fees provided for in La. R.S. 22:658(B)(4). Because the reimbursement of car rental expenses and assessment of attorney fees under La. R.S. 22:658 constitute two separate causes of action, we must make a separate inquiry to question whether Bruscato has a legal interest in the subject matter of each.

Advanced Car Rental Expenses
Louisiana courts have consistently recognized the right of the discharged attorney to enforce his claim for fees through intervention in the suit in which the attorney provided service. See, generally, Niemann v. American Gulf Shipping, Inc., 96-687 (La.App. 5th Cir.1/15/97), 688 So.2d 42, writ denied, 97-0404 (La.3/27/97), 692 So.2d 397; Robichaux v. Cade, 357 So.2d 849 (La.App. 4th Cir.1978). Also recognized has been the right of a discharged attorney to enforce his properly perfected claim for a contracted fee under La. R.S. 37:218 not only against his former client, but also against the opposing party in the suit filed by his former client. See, James Minge & Associates v. Hanover Insurance Company, 96-2308 (La.App. 4th Cir.4/2/97), 692 So.2d 728; Martin v. David, 95-1411 (La.App. 3d Cir.7/31/96), 685 So.2d 158, writ denied, 96-2184 (La.11/15/96), 682 So.2d 766.
Bruscato's petition of intervention alleges that he advanced car rental expenses to his clients, and that after being discharged, he filed his lien. In light of these factual allegations, Safeway has urged no argument which would warrant a departure in this case from the established jurisprudence, which otherwise seems to allow Bruscato to intervene in the suit for collection of his fee.
The question still remains, however, whether advanced car rental expenses constitute part of the "fees" which fall *1240 under the privilege created in La. R.S. 37:218. Subsection B of La. R.S. 37:218 provides:
The term "fee," as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.
Rule 1.8(e) of the Louisiana Rules of Professional Conduct states that:
A. lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:
(1) A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter, and
(2) A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.
Despite the unequivocal wording of this rule, which would appear to preclude Bruscato's advancement of car rental expenses, the Louisiana Supreme Court recognized in Chittenden v. State Farm Mutual Automobile Insurance Company, 00-0414 (La.5/15/01), 788 So.2d 1140, 1146, that the "current practice of law in our State follows the Edwins policy of allowing an attorney to advance funds under the constraints enunciated in Edwins." The Edwins policy referred to was enunciated by the Louisiana Supreme Court in Louisiana State Bar Ass'n v. Edwins, 329 So.2d 437 (La.1976). The court stated:
... the advancement of living expenses [does] not constitute a violation of professional responsibility, so long as: (a) the advances were not promised as an inducement to obtain professional employment, nor made until after the employment relationship was commenced; (b) the advances were reasonably necessary under the facts; (c) the client remained liable for repayment of all funds, whatever the outcome of the litigation; and (d) the attorney did not encourage public knowledge of this practice as an inducement to secure representation of others.
Id., 329 So.2d at 446.
The record contains no evidence that the advances made by Bruscato were not within the constraints set forth in the above-quoted policy. See also, Dupuis v. Faulk, 609 So.2d 1190 (La.App. 3d Cir.1992). We find that the trial court erred in finding that Bruscato did not have a right of action to intervene in the ongoing litigation to protect his interest in the car rental expenses he paid. Consequently, we reverse the granting of the exception of no cause of action and no right of action as to Bruscato's claim for reimbursement of the car rental expenses advanced to his former client.

Attorney Fees Pursuant to La. R.S. 22:658
Bruscato also makes a claim in his petition of in tervention for attorney fees under La. R.S. 22:658. The petition further states that the right to attorney fees under the statute arises out of Safeway's failure to make payment after repeated requests that it do so.
La. R.S. 22:658(B)(4) provides:
Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant's loss the third party claimant is deprived of use of the personal vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third *1241 party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle. Failure to make such payment within thirty days after receipt of adequate written proof and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause shall subject the insurer to, in addition to the amount of such reasonable expenses incurred, a reasonable penalty not to exceed ten percent of such reasonable expenses or one thousand dollars whichever is greater together with reasonable attorneys fees for the collection of such expenses.
Emphasis added.
The language of this statutory provision creates a cause of action in favor of a third party claimant who has incurred alternative transportation expenses for a period of more than five working days as a result of property damage to their personal vehicle. The cause of action for attorney fees arises in the event the insurer responsible for payment of the property damage claim fails to pay reasonable expenses incurred by the third party claimant within 30 days of receipt of demand and presentation of proof. While the factual allegations in Bruscato's petition of intervention and the inferences which can be drawn from them might serve as the basis for a cause of action against Safeway under La. R.S. 22:658(B)(4), Bruscato is not a third party claimant who has incurred alternative transportation expenses as a result of damage to his personal vehicle. Therefore, Bruscato is not among the class of persons to whom the law was intended to grant this cause of action. Accordingly, the trial court correctly granted the exception of no right of action in relation to Bruscato's claim for attorney fees under La. R.S. 22:658.

CONCLUSION
For the reasons set forth above, the trial court's judgment granting defendant-in-intervention's exceptions of no cause and no right of action is reversed to the extent it dismissed Bruscato's claim for payment of his "fees" as defined in La. R.S. 37:218(B) or, more specifically, the expenses advanced by him to his former client for renting a vehicle. The judgment is affirmed insofar as it grants Safeway's exception of no right of action as to Bruscato's claim for attorney fees under La. R.S. 22:658(B)(4). The matter is remanded to the district court for further proceedings in accordance with this opinion. The costs of this appeal are assessed to Safeway.

DECREE
At appellee's costs, the judgment is REVERSED IN PART, AFFIRMED IN PART, and REMANDED.