890 So.2d 613 (2004)
Landry DIXON and Dixon Enterprises, LF
v.
Donald B. BOHN, Jr. and Harvey GM, LLC, et al.
No. 04-CA-503.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 2004.
*614 Landry Dixon, In Proper Person, New Orleans, LA, for Plaintiff/Appellant.
Dominic J. Gianna, Douglas S. Scotti, Middleberg, Riddle & Gianna, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
On December 27, 2002, plaintiff Landry Dixon and Dixon Enterprises, LF, filed a petition entitled "Fraudulent Retail Sales Contract," naming as defendants Donald B. Bohn, Jr. and Harvey, GM, LLC (hereinafter "Bohn"). In the petition Mr. Dixon alleges that, on November 11, 2000, he purchased a 2001 GM Sonoma pickup truck. The Sonoma selling price was represented on the purchase agreement as being $20,874.86, with a $1,500.00 discount rebate. In the summer of 2002, he learned that the manufacturer's suggested retail price was $17,467.00, and therefore he was overbilled $3,407.86 plus attending taxes and financing interest amount. Mr. Dixon prayed that he be awarded $10,000.00 in compensatory damages, and also punitive damages.
Bohn filed exceptions of no cause of action, prescription, improper venue and lack of personal and subject matter jurisdiction.[1] After a hearing, the trial court *615 rendered judgment in favor of defendants on June 6, 2003 granting the exception of no cause of action. Mr. Dixon filed a petition for appeal on July 11, 2003.
Mr. Dixon, in his appellate brief, assigns six issues for review which basically allege that the trial court erred in granting the exception of no cause of action and in dismissing his suit. He prays that this Court void the judgment and remand the matter for further proceedings.
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Id. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
Ramey v. DeCaire, XXXX-XXXX (La.3/19/04), 869 So.2d 114, 118.
A contract is formed by the consent of the parties. La. C.C. art. 1927. Consent may be vitiated by fraud. La. C.C. art. 1948. Fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. C.C. art. 1953.
In this case, plaintiff's petition alleges he entered into a retail sales contractual agreement with the defendant for the purchase of a pickup truck, and that defendant failed to reveal the manufacturer's suggested retail price, and therefore he is entitled to both compensatory and punitive damages.[2] It appears to be plaintiff's contention that defendant's failure to reveal this price, presumably representing the fair market value of the truck purchased, resulted in his purchasing the truck at an inflated price. This fact, even if proven true, does not state a cause of action against defendant. In Pioneer Valley Hospital v. Elmwood Partners, LLC, 01-453 (La.App. 5 Cir. 10/17/01), 800 So.2d 932, 936, we said "We find no requirement in our law that the seller inform the buyer of the fair market value of a property. As long as all facts bearing on the nature of a property are disclosed, the effect of those facts is left for a buyer to determine." The petition in this matter does not allege that the facts bearing on the nature of the truck were not disclosed. Accordingly, the trial court did not err in granting the exception of no cause of action.
In its reply brief, defendants requests that we sanction plaintiff by awarding attorney's fees for the defense of this appeal. However, defendants did not appeal nor did they file an answer to Mr. *616 Dixon's appeal. Accordingly, attorney's fees cannot be awarded in this matter. La. C.C.P. art. 2133.
For the above discussed reasons, the trial court's judgment is affirmed. All costs are assessed against appellants.
AFFIRMED.
NOTES
[1] This is the second suit filed by plaintiffs in this matter. Plaintiffs' first suit was also dismissed for failure to state a cause of action. Landry Dixon and Dixon Enterprises, LF v. Rhett Myhand and Don Bohn Autoplex, et al, No. 566-506 in the 24th Judicial District Court for the Parish of Jefferson. Plaintiffs did not appeal from that judgment.
[2] Punitive damages are not an element recoverable in an action for fraud. See La. C.C. art. 1958.