921 So.2d 1081 (2006)
MANGANO CONSULTANTS, INC., Mangano Management, Inc., AOLC Limited Partnership and MGH Limited Partnership
v.
BOB DEAN ENTERPRISES, INC., St. Elizabeth's Caring, L.L.C., Maison De'Ville Nursing Home of Harvey, L.L.C. and Bob G. Dean, Jr.
No. 05-CA-449.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
*1083 Corinne A. Morrison, James C. Young, Jonathan C. McCall, Attorneys at Law, New Orleans, Louisiana, for Intervenor/Plaintiff-Appellant.
Lindsey M. Ladouceur, Gwendolyn M. Hanhart, Attorneys at Law, New Orleans, Louisiana, for Plaintiffs/Appellees.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Hibernia National Bank appeals from a judgment of the trial court rendered on December 29, 2004 dismissing its Petition of Intervention in the above-referenced lawsuit. For the reasons more fully stated herein, we affirm in part and vacate in part the trial court's judgment and remand the case to the trial court for further proceedings.

Facts and Procedural History
This litigation involves the ownership, management and operation of two nursing homes located in Harvey, Louisiana. During all pertinent times herein, the Mangano Corporation held the license issued by the Louisiana Department of Health and Hospitals ("LDDH") to operate these two nursing homes. The first home, Acadian Oaks Living Center, was initially owned by AOLC Limited Partnership and was operated by Mangano Consultants, Inc. The second home, Manhattan Guest House, was owned by MGH Limited Partnership and was operated by Mangano Management, Inc. Pursuant to state law, the Mangano Corporation was the party responsible for billing and collecting Medicaid benefits payable by LDHH for nursing home patients who qualified for these benefits.
In September of 1996, two separate Management Agreements were executed between Bob Dean Enterprises, Inc. and, respectively, Mangano Consultants, Inc. and Mangano Management, Inc., to operate both of these nursing homes. In these agreements, Dean agreed to perform certain specified functions at the nursing homes in exchange for payment in the amount of 7% of each prior month's gross revenue. At approximately the same time, Bob G. Dean Jr. and, respectively, AOLC Limited Partnership and MGH Limited Partnership, executed agreements for the sale and purchase of property and assets used in the operation of these two nursing homes.
On January 9, 1997, Bob G.Dean, Jr. assigned the right, title and interest in the two agreements to purchase and sell to St. Elizabeth's Caring, L.L.C. and Maison De'Ville Nursing Home of Harvey, L.L.C. In accordance with the previous agreements, the parties subsequently entered into a credit sale on January 9, 1997: the former Acadian Oaks Living Center was sold by AOLC Limited Partnership to St. Elizabeth's Caring, L.L.C. and the former Manhattan Guest House was sold by MGH Limited Partnership to Maison De'Ville Nursing Home of Harvey, L.L.C.
On February 10, 1997, LDHH issued two checks payable to Mangano Corporation, *1084 one in the amount of $163,730.62 for services rendered at Acadian Oaks Living Center, and the other for $107,668.78 for services rendered at Manhattan Guest House. The record indicates that these two checks were presented for deposit without endorsement and negotiated by St. Elizabeth's Caring, L.L.C. and Maison De'Ville Nursing Home of Harvey, L.L.C. at Hibernia National Bank.
This petition at issue in the present appeal was originally instituted on October 22, 1997 by Mangano Consultants, Inc., Mangano Management, Inc., AOLC Limited Partnership, and MGH Limited Partnership (hereinafter "plaintiffs" or "the Mangano entities") against Bob Dean Enterprises, Inc., St. Elizabeth's Caring, L.L.C., Maison De'Ville Nursing Home of Harvey, L.L.C., and Bob G. Dean, Jr. (hereinafter "the defendants" or "the Dean entitites"). In their petition, plaintiffs sought damages and amounts which they claimed were due from defendants resulting from the contractual agreements between the parties regarding the management and operation of the two nursing homes. Specifically, the petition alleged that the failure of the Dean entities to turn over Medicaid funds received by them for services rendered at the nursing homes prior to defendants' acquisition thereof constituted unlawful conversion.
In April of 1998, the Dean entities filed an answer and reconventional demand against the Mangano entities. In this pleading, the Dean entities alleged several misrepresentations in the 1996 contractual agreement between the parties and further alleged that the rates charged by the Mangano entities to LDHH prior to execution of the agreement resulted in overpayments to Mangano that the Dean entities are responsible to refund.
While the present suit was proceeding, the Mangano Corporation commenced a separate action in Orleans Parish in June of 1999 against Hibernia National Bank for the wrongful conversion of the two checks issued by LDHH. The Mangano Corporation alleged that by negotiating the two checks and obtaining payment from LDHH's payor bank, Hibernia was liable for conversion in violation of La. R.S. 10:3-420. On June 16, 2003, the trial court rendered judgment in this action in favor of the Mangano Corporation in the full amount of both checks, $271,399.40. Following the rendition of this judgment, Hibernia suspensively appealed.[1]
In April of 2004, the defendants in the present case filed an amended and supplemental answer and a reconventional demand and third party petition adding the Mangano Corporation as well as other Mangano persons or interests as third party defendants. By this pleading, the Dean entities also asserted that the Mangano entities operated as a single business enterprise and argued that their separate corporate identity should be disregarded for purpose of this lawsuit.
In August of 2004, Hibernia intervened in these proceedings, naming as defendants-in-intervention the Mangano Corporation and the other Mangano entities, and well and Bob G. Dean, Jr. and the other Dean entities. By this intervention, Hibernia claimed it was entitled to indemnification from the Dean entities for any amounts it would be required to pay to the *1085 Mangano Corporation and further claimed it was entitled to a setoff from the Mangano entities of any amounts it would be required to pay as a result of the Orleans Parish judgment. Hibernia also asserted a claim for unjust enrichment against the Mangano Corporation.
In response to the petition of intervention, the Dean entities answered and filed affirmative defenses, including a peremptory exception of no cause of action. The Mangano entities excepted to the petition of intervention arguing that Hibernia had no right to intervene and further asserting that the petition failed to state a cause of action against them. The Mangano Corporation excepted to the petition of intervention on the basis of res judicata pursuant to La. C.C.P. art. 425 and La. R.S. 13:4231 based on the June 16, 2003 judgment in Orleans Parish arising from the same transaction and occurrence. In the alternative, the Mangano Corporation asserted the principles of lis pendens based on the pending proceedings in Orleans Parish.
The trial court heard the exceptions asserted by defendants-in-intervention, the Mangano entities, on December 15, 2003.[2] By judgment signed on December 29, 2003, the trial court granted the exceptions of res judicata, no cause of action and no right of action as to the Mangano Corporation and also granted the exceptions of no right of action and no cause of action as to the remaining Mangano entities. In addition, Hibernia's Petition of Intervention was dismissed. The trial court further certified that this was a final judgment pursuant to La. C.C.P. art. 1915(B).
Hibernia now appeals devolutively as to the judgment rendered in favor of the Mangano entities. Hibernia asserts three assignments of error, each of which is discussed below:

No Cause and/or Right of Action
Hibernia contends by this appeal that it has asserted a valid cause and right of action against the Mangano Corporation and the Mangano entities to pursue its petition of intervention in the present litigation. Based on the facts of this particular case, we find this contention to have merit.
La.Code Civ.P. art. 1091 states that "A third person having an interest therein may intervene in a pending action... against one or more of the parties thereto...." There is a twofold requirement for third-party intervention. The intervenor must have a justiciable interest in, and a connexity to, the principal action. Atchley v. Atchley, 97-474 (La.App. 5 Cir. 1/14/98), 707 So.2d 458, 459. "Justiciable interest" is defined as "`the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. [I]f it exists, it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights.'" Id.
We find that these requirements have been met in the present case. In the present litigation, the parties in the principal demand are litigating at least in part the entitlement to the funds represented by the two LDHH checks issued to the Mangano Corporation in 1997. Although the Mangano entities and not the Mangano Corporation have brought the present actions, defendants in this action have asserted that the identities of these entities constitute a single business enterprise and that the separate corporate identities *1086 should be disregarded. Further, the Mangano Corporation has stated in its answer to the third party demand that the Dean entities wrongfully converted the LDHH checks. As Hibernia was cast in judgment for the payment of the checks, Hibernia has asserted its interest in preventing the Mangano entities from obtaining double recovery in this case. If the Mangano entities are successful on the principal demand in this suit and are awarded damages for the alleged conversion of the LDHH checks by the Dean entities, then Hibernia has an interest in recovering from Mangano reimbursement of the judgment rendered against Hibernia in the Orleans Parish suit. It is this possibility of double recovery that gives Hibernia a justiciable interest in intervening in this action. As asserted in the petition of intervention, Hibernia's claims are directly related to the claim in the principal demand against the Dean entities for conversion of the LDHH checks. As such, we find that Hibernia has stated a right of action to intervene in the present case.
Further, we find that Hibernia in its petition has stated a valid cause of action against all of the Mangano entities, including the Mangano Corporation. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. The issue at the trial of the exception is whether, on the face of the petition, and accepting the allegations therein as true, the plaintiff is legally entitled to the relief sought. Dixon v. Bohn, 04-503 (La.App. 5 Cir. 11/30/04), 890 So.2d 613, 615.
Accepting the allegations of the petition of intervention as true, we find that Hibernia stated a valid cause of action under Louisiana law. Under the facts of this particular case, we find that the trial court erred in maintaining the exceptions of no right and/or cause of action filed by the Mangano Corporation and the Mangano entities.

Res Judicata
Hibernia further contends that the principles of res judicata are not applicable to the petition of intervention because Hibernia is not attempting to relitigate the claims at issue in the Orleans Parish litigation. It is Hibernia's position that the claims asserted in the petition of intervention did not exist at the time of the Orleans Parish judgment, but arose because of that judgment. Hibernia contends that as Mangano Corporation is now seeking return of the LDHH funds that were the subject of the Orleans Parish suit, Hibernia now has a claim for unjust enrichment. Hibernia argues that prior to the judgment in favor of Mangano, the claim for unjust enrichment could not have been asserted.
Mangano Corporation responds to this argument by stating that the double recovery suggested by Hibernia is not possible, as the only entities seeking recovery of the LDHH funds in the present suit are the Mangano entities, which do not include the Mangano Corporation. They argue that the Mangano Corporation is not seeking to recover anything in the present litigation from the Dean entities, and therefore, Hibernia's unjust enrichment claims has no merit.
The Mangano Corporation also contends that all of the claims raised by Hibernia in its intervention go to the issue of the Mangano Corporation's entitlement to the proceeds of the LDHH fundsclaims which were available to Hibernia in the Orleans Parish suit which it failed to raise. The Mangano Corporation contends that by its petition for intervention, Hibernia is attempting to relitigate whether the funds *1087 belonged to the Mangano Corporation or to the Dean entities.
A claim of res judicata rests on the principle that a party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. La. C.C. art. 425. Further, La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Based on these principles, res judicata applies if issues raised in subsequent litigation were actually litigated and determined in the underlying litigation. In the present case, the issue actually litigated in the Orleans Parish suit was the conversion of the LDHH checks in violation of La. R.S. 10:3-420. As stated in the Fourth Circuit opinion in that case, Hibernia failed to submit any evidence that the Mangano Corporation lacked interest in those checks to absolve itself for liability for wrongful conversion. Under these circumstances, the issue of the Mangano Corporation's entitlement to the checks was previously litigated and determined and cannot be raised as an issue by Hibernia in this subsequent litigation.
However, Hibernia asserts other issues in its petition of intervention that were not litigated or determined in the Orleans Parish judgment. As the Mangano entities are now seeking to recover the same sums awarded to the Mangano Corporation by the Orleans Parish judgment against Hibernia, Hibernia now asserts claims of unjust enrichment against the Mangano Corporation. Hibernia also alleges that the Mangano Corporation and the other entities have a single corporate identity, an allegation that will have to be borne out in the trial court. Nevertheless, these issues regarding the possibility of double recovery could not have been litigated in the underlying litigation, and are therefore not precluded by the principles of res judicata.
Under the circumstances of this case, we find that the principles of res judicata are applicable so as to preclude any claims raised by Hibernia regarding the Mangano Corporation's entitlement to the checks issued by LDHH in February of 1997 as these issues were litigated and determined in the Orleans Parish litigation.[3] However, as to Hibernia's claims of unjust enrichment, we find that these claims were not previously litigated or determined and are therefore not precluded by the principles of res judicata. Insofar as the trial court judgment holds that res judicata applies to such claims, this portion of the judgment must be vacated and set aside.

*1088 Conclusion

Accordingly, for the reasons herein assigned, the judgment of the trial court insofar as it maintains the Mangano Corporation's and the Mangano entities' exceptions of no right and/or cause of action is hereby vacated and set aside. Further, the judgment of the trial court insofar as it maintains the exception of res judicata as to Hibernia's claims of unjust enrichment is hereby vacated and set aside. In all other respects, the trial court's ruling on the exception of res judicata is upheld. Finally, the judgment of the trial court which dismisses Hibernia's petition of intervention is hereby vacated. The case is remanded to the trial court for further proceedings consistent with this opinion. Each party is to bear its own costs of this appeal.
AFFIRMED IN PART; VACATED IN PART AND REMANDED.
NOTES
[1] This judgment was subsequently affirmed in an unpublished opinion by a five-judge panel of the Fourth Circuit Court of Appeal. Mangano Corporation v. Hibernia National Bank, 03-2011 (La.App. 4 Cir. 2/2/05), 893 So.2d 1040. Writs were denied by the Supreme Court. Id., 05-540, 05-571 (La.5/6/05), 901 So.2d 1096. Hibernia has since satisfied this judgment. Although the trial court's decision in the present case preceded the appellate courts' ruling, the record was supplemented with a copy of the Fourth Circuit's opinion.
[2] The exceptions filed by the Dean entities and other Mangano persons and interests were not argued or heard by the trial court on this date and are thus not before us in this appeal.
[3] This issue will obviously be litigated in the principal demand. Our holding here is that the principles of res judicata preclude Hibernia from relitigating this issue.