MADELINE JASMINE, Judge Pro Tempore.
 

 12The intervenors have appealed the trial judge’s grant of the plaintiffs’ exception of no cause of action. For the reasons that follow, we reverse.
 

 FACTS
 

 Intervenor, Madro Bandaries, is an attorney. On November 18, 2005, Mr. Ban-daries filed a petition for damages and recognition as a class action on behalf of plaintiffs Geraldine Oubre and Linda Gentry, as well as others similarly situated, against Louisiana Citizens Fair Plan (hereinafter Citizens) for the alleged failure of Citizens to pay claims as a result of damages sustained in Hurricanes Katrina and Rita. On November 22, 2005, Beevers
 
 &
 
 Beevers, LLP enrolled in these proceedings on behalf of John Macera, II, Sylvia Randolph, and Susan Hano. Mr. Bandaries contracted with the other intervenors, Desiree Charbonnet and Bernard Charbonnet
 
 *101
 
 to work along with he and the Beevers firm on this proposed class action. The suit was certified as a class action on July 11, 2006. Wiley |sBeevers and Steven Mauterer of the Beevers firm, as well as Mr. Bandaries, Bernard Charbonnet, and Desiree Charbonnet were appointed class counsel. Mr. Bandaries and the Charbon-nets withdrew as class counsel in August 2007. In October 2007, a settlement was reached with Citizens regarding the claims of Ms. Oubre and Ms. Gentry.
 

 On January 23, 2008, Mr. Bandaries and the Charbonnets filed a joint petition for intervention stating they had spent considerable time in litigating the action and having the class action status granted by the trial court affirmed on appeal and were therefore entitled to a share of legal fees derived in this matter and repayment of costs incurred. In response to the intervention, on February 15, 2008, Mr. Beev-ers filed an exception of no right of action on behalf of the plaintiffs. The plaintiffs took the position that Mr. Bandaries and the Charbonnets withdrew as class counsel, filed a separate lawsuit on behalf of Ms. Oubre and Ms. Gentry which had been settled, and as such, the intervenors had no interest in the case that would allow them a right of action.
 

 Following a hearing, the trial court took the matter under advisement then rendered judgment granting the exception. This timely appeal followed.
 

 LAW AND ANALYSIS
 

 The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged.
 
 Wallace v. Nathan,
 
 96-119 (La.App. 5 Cir. 7/30/96), 678 So.2d 595. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. La.C.C.P. art. 927;
 
 Dufour v. Westlawn Cemeteries, Inc.,
 
 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843.
 

 The grant of an exception of no right of action is subject to de novo review.
 
 Guidry v. East Coast Hockey League, Inc.,
 
 2002-1254 (La.App. 3 Cir. 3/5/03), 844 So.2d 100.
 

 LSA-R.S. 37:218 provides that an attorney “may acquire as his fee an interest in the subject matter of a suit” if there is a written contract. Mr. Bandaries testified that he executed written contracts with both Mr. Macera and Ms. Randolph. These contracts were admitted into evidence. Mr. Macera and Ms. Randolph testified that they executed the contracts admitted into evidence. Plaintiffs state in their brief that Mr. Banderies, the Beevers firm and others retained by Mr. Bandaries “worked together for the betterment of their respective contractual clients.” After Mr. Banderies resigned as class counsel, Mr. Macera and Ms. Randolph signed a contract with the Beevers firm.
 

 In granting the exception, the trial court stated the intervenors do not have a justi-ciable interest in the matter as required for a third party intervention, relying on
 
 Atchley v. Atchley,
 
 97-474, (La.App. 5 Cir. 1/14/98), 707 So.2d 458. In
 
 Atchley,
 
 this court affirmed the dismissal of the intervention of Mary Lou Atchley in the partition suit between her brother and his former wife. Mary Lou Atchley alleged that her brother omitted certain bonds from the succession of their father. The trial court found the bonds in question were the separate property of the brother and thus were not subject to partition between the brother and his ex-wife. This court found in order to intervene, a party must have a justiciable interest in and a connexity to the principal action.
 
 Id
 
 at 459. This court
 
 *102
 
 noted a justiciable interest is defined as “the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties | shave a real interest in opposing it.”
 
 Id
 
 at 459. This court affirmed finding Mary Lou Atchley’s cause of action is not related to or connected with the partition suit between her brother and his ex-wife.
 

 We find the trial court’s reliance on
 
 Atchley
 
 to be misplaced. In the case at bar, the evidence reflects that plaintiffs, Mr. Macera and Ms. Randolph, entered into a contract for representation with the intervenor, Mr. Banderies. While there is some dispute as to whether Mr. Macera and Ms. Randolph actually desired that they be represented by Mr. Banderies or the Beevers firm, they admitted to entering into the contract with Mr. Banderies. Moreover, plaintiffs acknowledge in their brief that the Beevers firm and others retained by Mr. Bandaries “worked together for the betterment of their respective contractual clients.” Furthermore, it is undisputed that Mr. Bandaries was appointed class counsel. Louisiana courts have consistently recognized the right of the discharged attorney to enforce his claim for fees through intervention in the suit in which the attorney provided service.
 
 Cox v. Boggs,
 
 39,566, (La.App. 2 Cir. 4/6/05) 899 So.2d 770, 774-775;
 
 Simmons v. Chambliss,
 
 37,461 (La.App. 2 Cir. 8/20/03), 852 So.2d 1237. Mr. Banderies’ entitlement to attorney fees under LSA-R.S. 37:218 is related to and connected with plaintiffs’ class action suit.
 

 The record does not contain any evidence that the Charbonnets had a written contract with the plaintiffs. However, it is acknowledged in the plaintiffs’ brief that the Charbonnets worked with the Beevers firm and Mr. Banderies on the plaintiffs’ behalf and that the Charbonnets were also appointed class counsel. Thus, although their claim may not be preserved under LSA-R.S. 37:218, they are entitled to intervene in this matter as plaintiffs’ attorney recognizes they performed work on behalf of the plaintiffs.
 

 I
 
 ^CONCLUSION
 

 For the foregoing reasons the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings.
 

 REVERSED.