J^PETTIGREW, J.
In this case, Sizeler Hammond Square Limited Partnership (“Hammond Square”) appeals from the trial court’s judgment whereby the court denied its request to intervene in a suit between Palace Properties, L.L.C. (“Palace”) and the City of Hammond (“City”) and further granted summary judgment in favor of Palace. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Initially, we address briefly the circumstances underlying the complex litigation involving the property at issue in this matter. The instant lawsuit is one of several cases involving a dispute over the use of a certain road located in Hammond, Louisiana, namely C.M. Fagan Drive (“Fagan Drive”). According to the record, Hammond Square owns property in Tangipahoa Parish on which the Hammond Square Shopping Center (“the mall”) is located. Palace owns adjoining property to the north and west of Hammond Square’s property. Fagan Drive runs from Morrison Boulevard on its west to U.S. Highway 51 South on its east in Hammond, Louisiana. A portion of Fagan Drive runs across Hammond Square’s property and was originally part of a private ring road around the mall. In 1981, Hammond Square’s predecessor in title granted the City a servitude of passage or right of way over its ring road at the northern end of its property to allow the City to extend Fagan Drive from Minnesota Park to Highway 51. Hammond Square maintained full ownership of the land underneath the road.
In 1999, the City sought to expropriate the land owned by Hammond Square, i.e., a narrow strip of land between Fagan Drive and the northern boundary of the mall. Hammond Square challenged the propriety of the expropriation action; and on the day of trial, entered into a settlement agreement with the City. On November 15, 1999, the parties and the court signed a consent judgment, wherein the parties agreed that the City would abandon, revindicate, and/or re-convey unto Hammond Square the servitude over Fa-gan Drive that had previously been granted to the City in 1981. The judgment also provided that the City would relocate the traffic flow from Fagan Drive to Minnesota Park Road.
IsThe effective date of the abandonment of Fagan Drive by the City was to take place on or before June 30, 2000. According to the record, the portion of Fagan Drive at issue was closed on July 1, 2000. In accordance with the consent judgment, the City physically abandoned Fagan Drive with the opening of the Minnesota Park Road extension and the rerouting of *17 traffic from Fagan Drive to Minnesota Park Road.
On June 29, 2000, just one day before the barricades were to be erected and Fagan Drive was to be closed, Palace filed various pleadings in the expropriation action seeking to be allowed to intervene in the action and to have the consent judgment revoked. In response, Hammond Square filed various exceptions, including a dilatory exception raising the objection of lack of procedural capacity and a peremptory exception raising the objection of no right of action. Following a hearing on these various matters, the trial court rendered judgment on September 18, 2000, granting Hammond Square’s exceptions and dismissing the relief requested by Palace. Palace sought a writ of review with this court, which was subsequently denied. See City of Hammond v. Sizeler Hammond Square Limited Partnership, 2000 CW 2502 (La.App. 1 Cir. 12/18/00). No appeal was ever taken from this judgment.
Thereafter, on November 29, 2000, Palace filed a petition for declaratory judgment against the City seeking a judgment declaring that: (1) the action of the Hammond City Council in abandoning its servitude over Fagan Drive was unlawful, “thereby revoking Sections I, II, and III of the Consent Judgment;” and (2) “declaring the entirety of Fagan Drive from Morrison Boulevard on its west end to Highway 51 South on its east end to be a public right of way.” On December 28, 2000, the City filed an answer generally denying the allegations of Palace’s petition. Thereafter, on January 3, 2001, Hammond Square filed a petition of intervention alleging it was a party to the consent judgment sought to be revoked.[1]
|4On January 8, 2001, Palace filed a motion for summary judgment. Arguing that Fagan Drive was a public right of way, Palace asserted that the action of the Hammond City Counsel in abandoning its servitude over Fagan Drive was an absolute nullity and an abuse of discretion. On January 18, 2001, Palace filed an amended petition for declaratory judgment. Palace sought a judgment declaring: (1) “the City of Hammond’s abandonment of C.M. Fa-gan Drive as arbitrary and in violation of the City of Hammond’s ordinances, [and] therefore, an absolute nullity” and, (2) “the entirety of C.M. Fagan Drive from Morrison Boulevard on its west end to U.S. Highway 51 South on its east to be a public right of way, to be free and clear of all obstructions of whatever nature, kind, or description thereon.”
On January 16, 2001, the trial court heard arguments from the parties concerning Hammond Square’s petition for intervention and Palace’s motion for summary judgment. The court took the matter under advisement and, thereafter, on February 1, 2001, issued reasons for judgment. Noting that “[c]omplete relief’ could be granted in Hammond Square’s absence and that “adjudication in [Hammond Square’s] absence will not impair or impede its ability to protect any interest it has in the subject matter,” the trial court found that Hammond Square was not an indispensable party and denied its petition for intervention. With regard to Palace’s motion for summary judgment, the trial court found as follows:
*18 This court finds that prior to the confection of the November 15, 1999, consent judgment, Fagan Drive was an open public right-of-way, which had been used continuously by the general public without interruption, and maintained by the City of Hammond from approximately 1981 [through] October 4, 1999. This court further finds that the City of Hammond’s Charter and Code of Ordinances requires the adoption of an ordinance by the Hammond City Council before a public right-of-way within the City of Hammond can be abandoned. This court further finds that no such ordinance has been adopted. This court further finds it does not have the authority to revoke Sections I, II, and III of the November 15, 1999, consent judgment.
A judgment in accordance with the court’s findings was subsequently signed on February 8, 2001. Thereafter, Hammond Square filed a motion for new trial and a motion for stay, asserting that the judgment was clearly contrary to the law and evidence. In a judgment | ^signed April 17, 2001, the trial court denied the motion for new trial and declared the motion for stay moot.
On March 27, 2001, Palace filed a motion to enforce the February 8, 2001 judgment seeking a mandatory injunction against the City requiring the City to “remove from C.M. Fagan Drive, any barricade or other obstacle which impedes or obstructs the flow of traffic thereon.” Following a hearing on April 9, 2001, the trial court issued an order dated April 17, 2001, granting a mandatory injunction in favor of Palace and against the City, enforcing the provisions of the February 8, 2001 judgment, and further ordering the City to remove all the barricades that were obstructing the flow of traffic on Fagan Drive.
Thereafter, Hammond Square filed a motion for suspensive appeal from both the February 8 and April 17, 2001 judgments. Said motion was granted by the trial court on April 18, 2001, prompting Palace to file a motion to vacate the order of appeal as it related to the mandatory injunction issued on April 17, 2001. Noting that Hammond Square was not a party “who could have intervened in the trial court” in accordance with La.Code Civ. P. art.2086, Palace argued that Hammond Square had no right to appeal from the mandatory injunction. In a judgment dated May 2, 2001, the trial court vacated the order of appeal as it related to the summary judgment and the mandatory injunction, reinstated the mandatory injunction effective that date, and again ordered the City “to remove any and all obstructions which impede or obstruct the flow of traffic on C.M. Fagan Drive” in an expeditious manner.
In response to the trial court’s May 2, 2001 judgment, Hammond Square sought a writ of review with this court, arguing that the trial court had no jurisdiction to vacate the suspensive appeal order previously granted on April 18, 2001. In Palace Properties, L.L.C. v. The City of Hammond, 2001 CW 0901 (La.App. 1 Cir. 5/11/01), another panel of this court granted Hammond Square’s writ as follows:
WRIT GRANTED. This writ is granted insofar as the trial court’s judgment of May 2, 2001 vacating its order of suspensive appeal as to the summary judgment granted on February 8, 2001 and the mandatory injunction issued on April 17, 2001 is concerned. On the granting of the order of suspensive appeal and the timely filing of the appeal bond, the | ¡jurisdiction of the trial court over all matters in the case reviewable under the appeal was divested and that of this court attaches. See La. C.C.P. art.2088. The suspensive appeal seeks *19 review of the trial court’s summary judgment granted on February 8, 2001 and the [mandatory] injunction issued on April 17, 2001. Therefore, the trial court had no jurisdiction to vacate its suspensive appeal order as to those rulings and the judgment signed on May 2, 2001 is reversed.
In spite of this court’s May 11, 2001 ruling, Palace filed a motion to enforce the mandatory injunction on April 25, 2002. In support of its motion, Palace noted that Hammond Square was not a party to either the summary judgment proceeding or the mandatory injunction that was later issued by the court. Relying again on La.Code Civ. P. art.2086, Palace argued that the only matters renewable under the pending appeal filed by Hammond Square were the February 8, 2001 judgment denying Hammond Square’s petition for intervention and the April 17, 2001 order denying Hammond Square’s motion for new trial on the petition of intervention. Thus, Palace asserted, the trial court retained jurisdiction over the summary judgment and mandatory injunction and could enforce same.
After hearing argument from the parties on May 28, 2002, the trial court granted Palace’s motion to enforce the mandatory injunction. Hammond Square again sought a writ of review with this court, which writ was granted on May 31, 2002. See Palace Properties, L.L.C. v. The City of Hammond, 2002 CW 1128 (La.App. 1 Cir. 5/31/02), writ denied, 2002-1733 (La.7/3/02), 819 So.2d 1028. This court reversed the trial court’s judgment as follows:
[O]n the trial court’s granting of the order of suspensive appeal on April 18, 2001, and the timely filing of the $10,000 appeal bond set by the trial court, the jurisdiction of the trial court over all matters in the case reviewable under the appeal was divested and the jurisdiction of this Court attached. The order of appeal, as signed by the trial court, applied to the trial court’s judgment dated February 8, 2001, in its entirety and applied to the “Order of April 17, 2001.” Although there were three rulings signed on April 17, 2001, only one was entitled “Order” and that ruling applied to the mandatory injunction. Therefore, the trial court is without jurisdiction to enforce a ruling that has been suspen-sively appealed. Whether or not relator had standing to appeal is an issue that can be raised before this Court once the appeal record is lodged.
[■ASSIGNMENTS OF ERROR
On appeal to this court, Hammond Square has assigned the following errors to the trial court’s judgments below:
1. The district court erred in denying Hammond Square the right to intervene in an action seeking to declare a portion of the private shopping center ring road formerly used by the City pursuant to a servitude of passage, to be a public right of way.
2. The district court erred in granting the City’s Summary Judgment without addressing the Twenty-Two genuine issues of material fact set forth by Hammond Square and Hammond Square’s pending exceptions.
3. The district court abused its discretion in failing to grant Hammond Square’s Motion for New Trial on its February 8, 2001 Judgment which denied Hammond Square’s right to intervene in the action and declared Hammond Square’s property to be a public right-of-way in its absence.
4. The district court erred in issuing a mandatory injunction ordering the City of Hammond to enter onto Hammond Square’s property and “remove any bar *20 ricade or other obstacle which impedes or obstructs the flow of traffic thereon” without either a specific prayer for such relief and a trial on the merits during the pendency of Hammond Square’s Suspensive Appeal.
5. The district court erred in determining that a municipality’s maintenance of a private road pursuant to a servitude of passage was sufficient to convert a private shopping center ring road into a public road under the dictates of La. R.S. 48:491.
HAMMOND SQUARE’S RIGHT TO INTERVENE
Louisiana Code of Civil Procedure article 1091 provides as follows:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
In Livingston Downs Racing Association, Inc. v. State, Through Edwards, 96-1988, p. 6 (La.App. 1 Cir. 9/23/97), 700 So.2d 1021, 1023, this court set forth the requirements that must be satisfied before a party will be allowed to intervene.
Article 1091 and the cases construing that provision establish that the requirement for intervention is two-fold: the intervenor must have a justiciable interest in, and a connexity to, the principle action. Niemann v. American Gulf Shipping, Inc., 96-687, p. 6 (La.App. 5 Cir. 1/15/97), 688 So.2d 42, 45, writ denied, 97-0404 (La.3/27/97), 692 So.2d 397. In Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d 1260, 1264 (La.App. 4th Cir.), writs denied, 459 So.2d 542, 543 (La.1984), the court defined the term “justiciable right” as it is used in the context of an intervention as “the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it.”
[[Image here]]
The cases hold that the justiciable right must be “so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the interve-nor’s rights”. Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d at 1264; Chrysler First Financial Services Corp. v. ZIA Corporation, 542 So.2d 87, 89 (La.App. 1st Cir.1989).
In the instant case, Palace contends it is merely seeking a declaratory judgment that Fagan Drive is a public right of way and that the effort to abandon this public right of way by the Hammond City Council failed to comply with state law and its own ordinances. Palace maintains that Fagan Drive is a public right of way for reasons other than the 1981 grant by Hammond Square’s predecessor in title, and as such, the abandonment of the road by the City should be declared an absolute nullity. Palace posits that the “public’s interest in keeping as an open artery, a public right of way, even though it traverses the property of [Hammond Square], is a matter of public concern and therefore, the challenge need only be directed at the Hammond City Council, whose action took this right of way from the public.” Thus, it is argued, challenging the action of *21 the Hammond City Council in abandoning this public road in no way requires the intervention of a private landowner such as Hammond Square.
Hammond Square argues that it is a necessary party to this action and that it has both a justiciable interest in and con-nexity to the principal action. Hammond Square maintains that “[rjegardless of whether Palace seeks to explicitly ‘revoke’ the Consent Judgment, or undermine it by means of a declaratory judgment declaring Fagan Drive to be a public right of way, the inescapable result is to deprive Hammond Square of its property, by allowing third parties the unrestricted use of that portion of Fagan Drive which rests within Hammond Square’s property boundaries.” Noting it has the constitutional right to be heard pursuant to La. Const, art. 1, § 2, Hammond Square asserts it has standing to intervene as a matter of right. As further support for its position, Hammond Square cites the case of Stephenson v. Nations Credit Financial Services Corp., 98-1688, 98-1689 (La.App. 1 Cir. 9/24/99), 754 So.2d 1011, and contends that based on this court’s holding in Stephenson, any judgment rendered “in Hammond Square’s absence declaring Hammond Square’s property subject to a public right of way or otherwise alienating its property would be an absolute nullity.”
Based on our review of the instant record, we believe that Hammond Square has satisfied the two-part test for intervening in the pending litigation. As is correctly pointed out by Hammond Square in brief, this court has “bluntly” held that “[a] court may not grant passage over lands of neighbors who are not parties to the suit.” Stephenson, 98-1688 at 9, 754 So.2d at 1018. Although Stephenson was a case interpreting La.Code Civ. P. art. 641 and the joinder of parties, we find our reasoning therein to be applicable herein.[2] In Stephenson, this court concluded that owners of property over which a public right of way or a servitude of passage is sought have an interest in the subject matter of the litigation such that their absence would impair their ability to protect this interest. Stephenson, 98-1688 at 11, 754 So.2d at 1019.
The ultimate relief sought by Palace in this case was to have the entirety of Fagan Drive, including that portion located on Hammond Square’s property, declared a public right of way, thereby revoking the November 15, 1999 consent judgment entered into between Hammond Square and the City. In fact, after Hammond Square’s petition for intervention was denied and summary judgment was granted in favor of Palace, the trial court issued an order on April 17, 2001, granting a mandatory injunction in favor of Palace and against the City and ordering the City to remove all the barricades that were obstructing the flow of traffic on Fagan Drive.
Based on our review of this record and our holding in Stephenson, we agree with Hammond Square that any adjudication made in this case without making Hammond |inSquare a party thereto would be an absolute nullity. Clearly, by not allowing Hammond Square to intervene in the instant litigation, Hammond Square’s ability to protect its interest in the subject property was impaired and impeded, as is evidenced by the April 17, 2001 order de- *22 daring the entirety of Fagan Drive to be a public right of way and clear of all obstructions. The trial court’s finding to the contrary is clearly in error. Accordingly, we reverse the trial court’s judgment denying Hammond Square’s petition for intervention. Having found reversible error in the trial court’s denial of Hammond Square’s request to intervene, the subsequent judgments rendered by the trial court; i.e., the February 8, 2001 summary judgment in favor of Palace, the April 17, 2001 judgment denying Hammond Square’s motion for a new trial, and the April 17, 2001 order granting mandatory injunction in favor of Palace, are all rendered absolute nullities. No further discussion is warranted regarding the other issues raised by Hammond Square in this appeal.
CONCLUSION
Based on the above and foregoing, the judgment denying Hammond Square’s petition for intervention is reversed. The case is remanded for proceedings not inconsistent with this opinion. All costs associated with this appeal are assessed against Palace Properties, L.L.C.
REVERSED AND REMANDED.

. According to the record, Hammond Square also filed exceptions raising the objections of lis pendens, lack of procedural capacity, non-joinder of party, and no right of action. There is no indication in the record before us that the trial court ever considered these exceptions. In fact, Hammond Square assigns error to the trial court’s grant of summary judgment in favor of Palace without first addressing these pending exceptions.

. As previously indicated, Hammond Square filed various exceptions to Palace's petition for declaratory relief, including a peremptory exception raising the objection of nonjoinder of party. Although not ruled on by the trial court, we note the provisions of La.Code Civ. P. art. 645, which would allow this court to notice such an objection on our own motion. Nonetheless, whether based on Article 1091 or Article 641, the result in this case remains the same, i.e., Hammond Square must be allowed to participate in this litigation.