JAMES F. McKAY, III, Chief Judge.
hln this ease, which involves making a foreign judgment executory and the satisfaction of that judgment, the interve-nor/appellant, Leeway Properties Inc., appeals the trial court’s judgment granting an exception of no right of action in favor of appellant, Jonesfilm, and the dismissal of this case. We affirm.
*368 FACTS AND PROCEDURAL HISTORY
On June 19,1981, Peter and Susan Hoffman were married in Los Angeles, California. On June 11, 1997, they acquired by cash sale a piece of immovable property located at 910-912 Royal Street in New Orleans, Louisiana.[1] Mr. and Mrs. Hoffman became legally separated under California law in January of 1999. Thereafter, Mrs. Hoffman began to reside in New Orleans. On August 31, 2002, Mr. and Mrs. Hoffman entered into a marital settlement agreement to partition their marital property. Pursuant to this agreement, Mr. and Mrs. Hoffman transferred the Royal Street property to Leeway Properties, Inc., which was solely owned by Mrs. Hoffman, on July 7, 2003. Neither the marital settlement 12agreement, nor the act of transfer of the Royal Street property were recorded in Orleans Parish.
Lions Gate Films, Inc., Jonesfilm, and NTTS Productions, Ltd. (which is the alter ego of Peter Hoffman) engaged in arbitration in California regarding certain motion picture rights. On July 20, 2004, the California arbitrator rendered an arbitration award. This award was amended on August 31, 2004. On September 17, 2004, Lions Gate filed a petition in Los Angeles County Superior Court to confirm the arbitration award. On March 18, 2004, the California court confirmed the award in favor of Jonesfilm, awarding it the sum of $290,911.00 plus interest from the date of July 20, 2004 at the rate of ten percent (10%) per annum until paid. However, NTTS and Mr. Hoffman failed to make any payments on the judgment.
After learning of the existence of the Royal Street property, on January 20, 2006, Jonesfilm filed a petition to make the California judgment executory in Louisiana. On March 14, 2006, the trial court made the California judgment executory in Louisiana. This judgment was recorded in the mortgage records for Orleans Parish on the following day. On April 18, 2006, the trial court granted a consent judgment between Jonesfilm and Mr. Hoffman staying the execution of the judgment until Mr. Hoffman’s appeal of the foreign judgment was concluded. After the California trial court’s judgment was affirmed, the court below lifted its stay on October 3, 2006.
|sOn July 29, 2011, Jonesfilm requested a writ of fieri facias seeking judicial seizure and sale of the Royal Street property. The trial court issued a writ of fieri facias on August 10, 2011 and a sheriffs sale of the property was scheduled for November 17, 2011. Instead of intervening in the instant case, Leeway initiated a separate action for preliminary and permanent injunction and declaratory judgment in Civil District Court on October 14, 2011.[2] Jon-esfilm removed that action to federal court. Applying Louisiana’s public records doctrine, the federal court found that Jonesfilm was entitled to enforce its March 2006 recorded judicial mortgage on the Royal Street property and that Leeway’s efforts to enjoin foreclosure was without merit. Therefore, on November 8, 2011, the federal court denied the preliminary injunction.[3]
On November 15, 2011, in order to stop the sheriffs sale of the Royal Street property, Leeway paid to Jonesfilm $511,748.48 and paid an additional $16,925.43 to the *369 sheriffs office for its costs.[4] After Leeway’s check was deposited and the funds were cleared to Jonesfilm and the sheriffs fees were paid, Jonesfilm filed a “Satisfaction of Judgment” with the trial court and recorded the “Cancellation of Judgment” with the Orleans Parish Recorder of Mortgages on December 21, 2011.
On December 13, 2011, Leeway filed a petition to intervene in the instant case. However, Leeway had transferred its interest in the Royal Street property to | ¿Royal Alice Properties LLC and the transfer was recorded in the conveyance records of Orleans Parish on December 5, 2011. In response to Leeway’s petition for intervention, Jonesfilm filed several exceptions, including an exception of no right of action, which the trial court granted on June 18, 2012. It is from this judgment that Leeway now appeals.
DISCUSSION
On appeal, Leeway raises the following assignment of error: the district court erred as a matter of fact and of law in the judgment of dismissal of June 18, 2012 granting Jonesfilm’s exception of no right of action to Leeway’s petition for intervention on the basis that this action was not currently pending when the petition for intervention was filed on December 13, 2011, since this action was still pending on that date as a matter of law.
Peremptory exceptions raising the objection of no right of action are reviewed de novo on appeal as they involve questions of law. Turner v. Law Firm, of Wolff & Wolff, 2007-1589, p. 2 (La.App. 4 Cir. 6/4/08), 986 So.2d 889, 891. An appellate court reviewing a lower court’s ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a cause of action for that person. Hood v. Cotter, 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829; Badeaux v. Southwest Computer Bureau, Inc., 2005-0612, 2005-0719, pp. 6-7 (La.3/17/06), 929 So.2d 1211, 1217.
|sIn the instant case, we must examine whether Leeway has a right to intervene and has a legal interest in the subject matter of the litigation. It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to controversies. In The Matter of E.W., 2009-1589, p. 8 (La.App. 1 Cir. 5/7/10), 38 So.3d 1033,1037. An issue is moot when a judgment or decree on that issue has been “deprived of practical significance” or “made abstract or purely academic.” Id.; City of Hammond v. Parish of Tangipa-hoa, 2007-0574, p. 7 (La.App. 1 Cir. 3/26/08), 985 So.2d 171, 178 {citing Cat’s Meow, Inc. v. City of New Orleans Through Department of Finance, 98-0601, pp. 8-9 (La.10/20/98), 720 So.2d 1186, 1193). A case may become moot for several reasons. Some examples are that: (1) there has been a change in the law, (2) the defendant paid the monies owed, (3) the wrongful behavior has passed and is not likely to recur, or (4) a party has died. Id. By the time Leeway filed its petition for intervention, the judgment had already been paid to Jonesfilm and the judicial *370 mortgage had been satisfied thereby making the instant case, which Leeway sought to intervene in, moot.
Furthermore, Leeway failed to satisfy each of the prerequisites for intervention under La. C.C.P. art. 1091. According to La. C.C.P. art. 1091:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
La. C.C.P. art. 1091.
|fiThe first prerequisite of La. C.C.P. art. 1091 is that there is a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto. An intervenor takes the proceedings as he finds them; the intervenor cannot change the issue between the parties, and can raise no new one. ANR Pipeline Co. v. Louisiana Tax Com’n, 2011-0425, p. 16 (La.App. 1 Cir. 8/23/11), 76 So.3d 521, 533, rev’d in part on other grounds, 2011-2078 (La.5/8/12), 94 So.3d 734. Leeway argues that the action in the instant case technically remained pending until the “Cancellation of Mortgage” and “Satisfaction of Judgment” were formally recorded. However, once the $511,748.48 was paid to Jonesfilm there was no longer any dispute between Mr. Hoffman and Jonesfilm and the controversy became moot. As such, there was no action in which Leeway could intervene. Allowing Leeway to intervene would be creating a new issue.
A second requirement for intervention under this article is that the interve-nor has a justiciable right against a party to the litigation. For an intervention, it is sufficient that the intervenor have a justi-ciable right related to or connected with the object of the pending action against one or more of the parties thereto. Biggs v. Hatter, 45,066, p. 11 (La.App. 2 Cir. 3/3/10), 32 So.3d 355, 362. If a justiciable interest required for third-party intervention exists, it must be so related to or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor’s rights. Mangano Consultants, Inc. v. Bob Dean Enterprises, Inc., 2005-449, p. 7 (La.App. 5 Cir. 1/17/06), 921 So.2d 1081, 1086. In the instant case, once Jonesfilm was paid there was no longer an object of the action between Jonesfilm and Mr. Hoffman. 17Accordingly, Leeway could not have a justiciable interest in an action for which the object no longer existed.
Leeway was also unable to meet the final two prerequisites of La. C.C.P. art. 1091. Leeway was unable to satisfy the requirement of connexity because Jones-film’s instant action against Mr. Hoffman had already been resolved by payment to Jonesfilm of the March 2006 judgment, which satisfied the judicial mortgage. Leeway was also unable to satisfy the article’s requirement that Leeway join with Mr. Hoffman in demanding the same or similar relief against Jonesfilm or in resisting Jonesfilm’s demands.
CONCLUSION
For the above and foregoing reasons, we find that Leeway was unable to establish a right to intervene in the action between Jonesfilm and Mr. Hoffman, as the action was no longer pending at the time Leeway sought to intervene. Therefore, we affirm the trial court’s granting of Jonesfilm’s *371 exception of no right of action and the dismissal of Leeway’s petition for intervention.
AFFIRMED

. This property is also known as the Princess of Monaco Condominiums.

. Leeway Properties, Inc. v. Jonesfilm and Peter M. Hoffman, Case No. 11-10987

. Leeway Properties, Inc. v. Jonesfilm, 2012 WL 4471848 (E.D.La.2012)

. On November 9, 2011, Whitney Bank (formerly Hancock Bank of Louisiana) filed a petition for intervention, cancellation of judicial sale, and ranking of creditors. On November 15, 2011, Whitney sought injunctive relief. That same day, the petition for injunction was dismissed as moot. On February 16, 2012, Whitney moved to dismiss with prejudice its petition for intervention. The trial court then dismissed with prejudice Whitney’s motion to intervene.