PAUL A. BONIN, Judge.
hWe do not permit an intervening party to raise issues not previously advanced by the parties to the principal demand. See, e.g., Lions Gate Films, Inc. v. Jonesfilm, 12-1452, p. 6 (La.App. 4 Cir. 3/27/13), 113 So.3d 366, 370. In this case, the plaintiff, Larry G. Willis, Jr., sought four after-the-fact variances to bring his newly built accessory carport into compliance with New Orleans’s Comprehensive Zoning Ordinance. The Board of Zoning Adjustments granted three of the variances, and Mr. Willis then filed a petition in the district court seeking a reversal of *1234 the one denied request. The City of New Orleans, however, did not seek review of the three granted variances. Instead, Julie Cardón and Perla Orihuela, two of Mr. Willis’s neighbors, filed a petition for intervention in Mr. Willis’s action seeking reversal of the Board’s granting of the three variances.
Mr. Willis responded by filing an exception of no right of action. The district judge sustained the exception and dismissed the intervenors’ petition [2without prejudice.[1] Upon our de novo review, we affirm the district judge’s ruling. We now explain our opinion in more detail.
I
We first briefly summarize this matter’s facts and procedural history. Mr. Willis purchased a vacant lot in New Orleans’ Lakeview neighborhood in 2011. In 2012, he applied for a construction permit to erect a single family dwelling and accessory carport. The City duly issued Mr. Willis a permit and construction commenced in May 2013. After the buildings were constructed, however, a City building inspector visited the premises and noted that the carport was in violation of four zoning ordinances concerning setback and height requirements.[2]
In May 2013, Mr. Willis applied to the City of New Orleans Board of Zoning Adjustments for four variances. Ms. Cardón, an adjoining property owner, made her objections to Mr. Willis’s variance requests known to the Board by way of correspondence dated July 1, 2013. The Board took up Mr. Willis’s requests on August 12, 2013. On August 20, 2013, the Board granted three of the four requested variances. Specifically, the Board denied Mr. Willis’s request for a variance from the applicable height requirement for accessory carports.
| sMr. Willis then sought review of the Board’s refusal to grant the height variance by filing a petition with the Civil District Court for the Parish of Orleans, in accordance with La. R.S. 33:3427 E, naming as defendant the City of New Orleans. On September 19, 2013, Ms. Cardón and Ms. Orihuela, a neighboring property owner, filed a petition for intervention in Mr. Willis’s district court action naming the City and seeking to name the Board as defendants. Ms. Cardón and Ms. Orihue-la’s intervention does not specifically oppose Mr. Willis’s plea for a reversal of the Board’s denial of his height variance request. Rather, Ms. Cardón and Ms. Ori-huela assert in their intervention that they, as neighbors of Mr. Willis, are aggrieved by the Board’s granting of the three setback variances and seek reversal of these variances by the district court.
Subsequently, Mr. Willis filed an exception of no right of action, asserting that Ms. Cardón and Ms. Orihuela lack stand *1235 ing to raise issues in their intervention— namely the Board’s granting of the three variances — not raised by him in his main demand. See Lions Gate, supra. Ms. Cardón and Ms. Orihuela opposed Mr. Willis’s exception. At the close of the hearing on the exception the district judge sustained Mr. Willis’s exception and signed a judgment dismissing the intervention without prejudice. Ms. Cardón and Ms. Ori-huela timely filed a motion for devolutive appeal.
II
In this part we set forth the law governing exceptions of no right of action and intervention.

JA

Interventions are an incidental action governed by La. C.C.P. art. 1091, which provides that “[a] third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties.” The article restricts an intervenor’s action to one that either joins with the plaintiff “in demanding the same or similar relief against the defendant,” unites with the defendant “in resisting the plaintiffs demand,” or opposes both plaintiff and defendant. La. C.C.P. art. 1091. “An in-tervenor cannot object to the form of the action, to the venue, or to any defense and informalities personal to the original parties.” La. C.C.P. art. 1094. An interve-nor, accordingly, takes the proceedings as he finds them; he cannot change the issue between the parties, and can raise no new ones. Lions Gate, 12-1452, p. 6, 113 So.3d at 370. See also IberiaBank v. Live Oak Circle Development, L.L.C., 12-1636, p. 7 (La.App. 1 Cir. 5/13/13), 118 So.3d 27, 32 (“He must take the suit as he finds it without raising issues between the defendant and the plaintiff that they have not themselves raised.”). The reason why an intervenor’s rights are so limited is because he always has his own remedy by a separate action to inject new issues. See Marcello v. Louisiana Gaming Control Board, 04-0488, p. 5 (La.App. 1 Cir. 5/6/05), 903 So.2d 545, 548.
B
The propriety of an intervention can be questioned by the peremptory exception of no right of action. See IberiaBank, 12-1636, pp. 6-7, 118 So.3d at 31-32 Lions Gate, 12-1452, pp. 4-5, 113 So.3d at 369-370. “The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor.” First Bank and Trust v. Duwell, 11-0104, p. 3 (La.App. 4 Cir. 5/18/11), 70 So.3d 15, 18. See La. C.C.P. art. 927 A(6). The Louisiana Supreme Court defines the function of this exception as “a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition” and explained that it “serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation.” Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-0719, pp. 6-7 (La.3/17/06), 929 So.2d 1211, 1217, citing Turner v. Busby, 03-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415. “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.” La. C.C.P. art. 681; see Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015 (La.11/30/94), 646 So.2d 885, 888.
*1236 We review de novo a district court judgment sustaining an exception of no right of action as a question of law and determine whether the district judge’s ruling was correct or incorrect as a matter of law. See Hornot v. Cardenas, 06-1341, p. 12 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 798.
As already stated, upon our de novo review, we conclude that the district judge was correct in sustaining the exception of no right of action on the grounds that the intervenors improperly raised new issues not raised by Mr. Willis or the City in the principal demand. Mr. Willis’s petition in the district court asked for one thing: that the Board’s decision denying his request for a height variance for his carport be reversed. Ms. Cardón and Ms. Orihuela’s intervention, on the other hand, sought to add the Board as a party-defendant and asked for: 1) the reversal of the three waivers granted by the Board to Mr. Willis; 2) a judicial determination that the three variances were granted in violation of the City’s Comprehensive Zoning Ordinance; 3) a judicial determination that the City and the Board “acted with gross negligence and in bad faith in granting the variances” to Mr. Willis; and 4) an assessment of costs against the City and the Board.
Significantly, the intervenors’ petition took no position whatsoever on the relief requested in Mr. Willis’s petition—whether the Board erred in denying his request for a height variance. The intervenors’ petition, instead, neither joined with Mr. Willis against the City, united with the City in resisting Mr. Willis’s demands, nor opposed both Mr. Willis and the City. Rather, because the intervenors’ petition raised solely new issues the district judge properly sustained Mr. Willis’s exceptions.
The intervenors seem to misunderstand the legal basis for the district judge’s ruling. Citing, instead, to Carroll-ton/Riverbend Neighborhood Association v. City \qof New Orleans, 11-1737 (La.App. 4 Cir. 6/27/12), unpub., 2012 WL 4760796, the intervenors argue that the district judge erred in sustaining the exception because they, as neighbors of Mr. Willis, do have standing to seek review of the Board’s grant of the three setback variances. We agree with this uncontroversial assertion. Indeed, La. R.S. 33:4727 E(l) provides clearly that “[a]ny person or persons jointly or severally aggrieved by any decision by the board of adjustment of any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality.”[3] We have also held that a resident of the same zoning district in which a piece of non *1237 conforming property sits has a right of action to pursue a declaratory judgment action to determine the validity or legality of the non-conforming use. See Joubert v. City of New Orleans, 09-0601, p. 13 (La.App. 4 Cir. 1/13/10), 30 So.3d 186, 194. Neither of our decisions, however, negate the applicability of La. C.C.P. art. 1094, and the principle memorialized in \ ¿Lions Gate, 12-1452, p. 6, 113 So.3d at 370. We conclude, therefore, that the district judge properly sustained Mr. Willis’s exception of no right of action.
DECREE
The trial court judgment sustaining Larry Willis, Jr.’s exception of no right of action to the petition for intervention filed by Julie Cardón and Perla Orihuela is affirmed. All costs of the appeal are assessed to appellants. See La. C.C.P. art. 2164.
AFFIRMED.

. Mr. Willis has not complained, by individual appeal or answer to the intervenors' appeal, that the district judge's dismissal of the intervention was without prejudice. See Downs v. R. T.S. Sec., Inc., 95-835, p. 8 (La.App. 3 Cir. 1/31/96), 670 So.2d 434, 439 ("While Article 934 does not explicitly say "with prejudice,” the peremptory exceptions are designed to preclude a right of action.”). But also see Vaughn v. City of Baton Rouge, 09-0930 (La.App. 1 Cir. 5/26/10), 39 So.3d 799.

. The applicable ordinances are: a) Section 15.5.12(4) — Accessory Buildings/Carports— distance from front lot line; b) Section 15.5.12(4) — Accessory Buildings/Carports— distance from side lot line; c) Section 15.5.12(4) — Accessory Buildings/Carports— openings along side lot line; and d) Section 15.5.12(4) — Accessory Buildings/Carports— height.

. A plain reading of La. R.S. 33:4727’s review provision suggests that a district court would be exercising its appellate jurisdiction. See La. Const, art. 5, § 16; see also In re American Waste & Pollution Control Co., 588 So.2d 367, 370 (La.1991); Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 01-0185, pp. 5-6 (La.10/16/01), 797 So.2d 656, 660; The Willows v. State, Department of Health & Hospitals, 08-2357, p. 6 (La.5/5/09), 15 So.3d 56, 60. If this is the case, intervention in a proceeding seeking a district court’s review of a Board’s decision would be improper under any circumstance. See In re BASF Corporation, Chemical Division, 533 So.2d 971, 975 (La.App. 1 Cir. 1988); Thibeaux v. State Farm Mutual Automobile Ins. Co., 285 So.2d 363, 364-365 (La.App. 3 Cir. 1973). No party to this appeal, however, has framed the issues for our review in this manner. According to the party presentation principle "we rely on the parties to frame the *1237 issues for decision and assign to courts the role of neutral arbiter of matters the parties present.” See Greenlaw v. United States, 554 U.S. 237, 243-244, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008).