| STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT | * | NO. 2022-CA-0735 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| | * | |
| VERSUS | | FOURTH CIRCUIT |
| | * | |
| PLAQUEMINES PARISH COMMISSION COUNCIL | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 67-318, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Rachael D. Johnson)

L.V. Cooley, IV
Assistant Parish Attorney
Plaquemines Parish Government
333 F. Edward Hebert Blvd
Building 100
Belle Chasse, LA 70037


COUNSEL FOR DEFENDANT/APPELLEE

Francis Joseph Lobrano
Seth E. Bagwell
Kyle E. Koch
CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN
& AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163


COUNSEL FOR INTERVENOR/APPELLANT


AFFIRMED

**April 21, 2023**

DLD
RLB
RDJ

In this expropriation case, the intervenor, Hero Lands Company, L.L.C. ("Hero"), appeals the trial court's judgment granting the defendant's, Plaquemines Parish Commission Council ("PPCC")[1], motion to withdraw funds from the registry of the court and dismiss Hero's petition for intervention. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 6, 2022, pursuant to La. R.S. 48:441, *et seq.*[2], the State of Louisiana Department of Transportation and Development ("DOTD") filed a petition against the PPCC in the 25th Judicial District Court for Plaquemines Parish seeking to take or expropriate a permanent servitude of drainage from servitude interests believed to be held by PPCC on seven parcels of land. The PPCC's servitude interests are public roadways; they consist of paved roadways, and driveways with related street and public utility structures such as fire hydrants, sewer and water facilities. The DOTD needed a permanent servitude of drainage

---

[1] The PPCC is now known as the Plaquemines Parish Government ("PPG").

[2] La. R.S. 48:449, the quick taking statute, provides that upon the application of any party of interest and upon due notice to all parties, the court may order that the money deposited, or any part thereof, be paid forthwith to the person entitled theretofore or on account of the just and adequate compensation to be awarded in the proceedings.

in connection with its proposed construction of a new Belle Chasse Bridge and Tunnel Project.

The district court signed an order of expropriation on April 8, 2022, ordering the expropriation and taking of the PPCC's servitude interests in the above mentioned parcels for a permanent drainage servitude on, over, and across those parcels. The district court also ordered the DOTD to deposit $1,893,418.00 into the registry of the court as compensation for the expropriation and the takings.

Pursuant to La. C.C.P. art. 1091, Hero filed a petition of intervention on April 22, 2022. Hero claimed it had an interest in the expropriation proceeding because it had a fee ownership interest in five of the expropriated parcels. However, Hero did not assert a servitude interest in any of the seven expropriated parcels. On June 14, 2022, the PPCC filed a Motion to Withdraw Deposited Funds and Motion to Dismiss Intervention Petition, seeking to simultaneously withdraw all the funds deposited by the DOTD and to dismiss Hero from the suit. A contradictory hearing on this dual motion took place on August 8, 2022. On August 22, 2022, the district entered a judgment which granted the motion to withdraw funds and also dismissed Hero's intervention. It is from this judgment that Hero now appeals.

**DISCUSSION**

On appeal, Hero raises the following assignments of error: (1) the district court committed error by dismissing Hero's Petition of Intervention; and (2) the district court committed error by allowing the PPCC to withdraw all funds in the

registry of the court intended "for the use and benefit of the person or persons entitled thereto," as compensation for the newly expropriated servitude of drainage across Hero's property.

"La. C.C.P. art. 1091 provides that a third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by (1) joining with the plaintiff in demanding the same or similar relief against the defendant; (2) uniting with the defendant in resisting the plaintiff's demand; or (3) opposing both the plaintiff and the defendant. There is a twofold requirement for third-party interventions: the intervenor must have (i) a justiciable interest in, and (ii) a connexity to, the principal action." *Leger v. Kent*, 2001-2241, pp. 2-3 (La. App 4 Cir. 4/24/02), 817 So.2d 305, 307-308.

"An intervenor takes the proceedings as he finds them; the intervenor cannot change the issue between the parties and can raise no new issues." *Lions Gate Films, Inc. v. Jonesfilm*, 2012-1452, p. 6 (La. App. 4 Cir. 3/27/13), 113 So.3d 366, 370. For a justiciable interest to exist, it must be so related to or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. *Id.* In the instant case, the DOTD's taking of the PPCC's servitude right has no impact on the rights of Hero. The servitudes are immovable properties owned and held by the PPCC.

Hero argues that it is entitled to intervene in the instant case because it has a fee ownership interest in five of the expropriated parcels and thus had an interest

in the principal action. Hero does not assert a servitude interest in any of the seven expropriated parcels. In its petition, the DOTD sought to establish a permanent servitude of drainage on, over, and across the PPCC's servitude rights, including the improvements thereon for the Belle Chasse Bridge and Tunnel Project. The object and subject of the DOTD's action was the taking of the PPCC's public road servitudes inclusive of improvements for a permanent servitude of drainage. One of the cases relied upon by Hero to support its position, *Palace Props., L.L.C. v. City of Hammond*, 2002-1263 (La. App. 1 Cir. 6/27/03), 859 So.2d 15, is clearly distinguishable from the instant case. In that case, the landowner owned the roadbed that was subject to a servitude of passage, unlike the instant case, where the PPCC owns the roadbed, as it is a public road and subject to a public transportation servitude that extends directly above and below the surface of the public road.[3] *Id.*

The public road servitude interests expropriated by the DOTD were predial servitudes owned by the PPCC. The first paragraph of Louisiana Civil Code Article 646 provides: "A predial servitude is a charge on a servient estate for the benefit of a dominant estate." Furthermore, La. R.S. 9:1253 states:

> Any road or street which becomes a public road or street under R.S. 48:491(B) shall be subject to a servitude of public transportation and utility running in favor of the parish or municipality in which the road or street is located. This servitude shall extend above and below the surface of the public road or street and shall grant to the governing authority of the parish or municipality and any public utility authorized by such governing authority the right to construct and maintain all public utilities, including but not limited to, the right to

---

[3] *See* La. R.S. 9:1253

lay water lines, natural gas lines, sewerage lines, and electrical, telecommunications, and cable lines.

The PPCC, through its predial servitude, already possessed everything (a servitude of drainage) that the DOTD needed. Everything that the DOTD needed, it could get from the PPCC. There was no need to go to Hero for anything. The taking has already been accomplished via the district court's order of expropriation, and the PPCC has been dispossessed of its servitude interests. Hero does not have a servitude interest in any of the expropriated parcels, and the judgment of expropriation does not relate to or have an impact on Hero's alleged fee interests. The PPCC's servitude rights are separate immovable estates that are subject to expropriation without requiring participation by Hero, whose alleged fee interests are already encumbered by public road servitudes. Hero cannot intervene to overturn an expropriation judgment that has dispossessed the PPCC of its servitude interests and improvements. Accordingly, we find no error in the district court's dismissing Hero's petition of intervention.

In its second assignment of error, Hero argues that the district court erred by allowing the PPCC to withdraw all funds in the registry of the court intended "for the benefit of the person or persons entitled thereto," as compensation for the newly expropriated servitude of drainage over Hero's property. La. R.S. 48:449 provides that "[u]pon the application of any party of interest and upon due notice to all parties, the court may order that the money deposited, or any part thereof, be paid forthwith to the person entitled thereto for or on account of the just and adequate compensation to be awarded in the proceedings."

In the instant case, the DOTD expropriated from the PPCC the servitude interests and improvements in seven parcels of land in Plaquemines Parish for the

Belle Chasse Bridge and Tunnel Project pursuant to the "quick taking" statute, La. R.S. 48:441, *et seq.* It deposited $1,893,418.00 with the clerk of court as just compensation. The DOTD filed its petition on April 6, 2022, and two days afterwards on April 8, 2022, the district court signed and rendered an order of expropriation granting the DOTD the servitude rights sought from the PPCC and ordering the PPCC to vacate the described servitude parcels and surrender possession thereof to the DOTD immediately. Hero did not file its petition to intervene until April 22, 2022.

Hero was not required in the proceeding as either a necessary or indispensable party under La. C.C.P. art. 641 to protect its alleged property interests, as they were not the object of the expropriation action. This was not a concursus proceeding. As stated above, what was expropriated from the PPCC was a servitude of drainage which came from servitude interests already possessed by the PPCC over certain public roadways. This expropriation did not affect the property or any other rights belonging to Hero, as nothing was taken from Hero. Hero has no action against the PPCC, and the district court did not err by allowing the PPCC to withdraw all funds held in the registry of the court intended "for the benefit of the person or persons entitled thereto."

**CONCLUSION**

For the above and foregoing reasons, we find no error on the part of the trial court and affirm its judgment in its entirety.


**AFFIRMED**


7